### M. L. Stansel, Executor, vs. C. H. Moore.

Gunby, J. A surety on a release bond cannot be sued until proper steps have been taken to enforce the judgment against the principal; but the surety must except to the suit *in limine litis.* We regard the plea *in mora,* or want of default, as similar to an exception of prematurity, or of want of amicable demand, a jurisdiction *ratione personæ,* which must be filed *in limine.*

2. A District Judge has no right to refer a dilatory exception to the merits; if he does so, the party filing the same should mandamus him to grant a trial on the exception; for this Court will not notice a dilatory exception tried together with the merits.

### Mrs. M. W. Jordan et al. vs. William McMeekin.

Clinton, J. A husband and wife, living in Tennessee, made by one and the same acts mutual and reciprocal wills in favor of each other, contrary to the provisions of Articles 1572 and 1751 C. C. The wife died, leaving real estate in Louisiana, which was taken possession of by the husband, as her universal legatee. The forced heirs of the wife bring suit to have the will declared an absolute nullity, because made in the reciprocal form. Held: Said will is void as to the *légitime* of the mother, but valid as to the balance of the wife's property.

2. Under C. C. 491 and 1596, a foreign will is valid in this State, provided it be clothed with the forms necessary to its validity in the place where it is made, and does not transfer property in Louisiana "in a manner different" from that prescribed by law, nor to persons other than those who are entitled by our law to receive it. Neither an olographic, mystic or nuncupative will, for obvious reasons, could be made by two persons in the same act, and we think the prohibitions contained in C. C. 1572 and 1751 are simply the necessary result of the rules and solemnities required by our law in the confection of wills, matters of form which do not affect or relate to the disposition of property. This will, being good in Tennessee, is valid here.

3. It is well settled that when a will has been admitted to probate in a foreign country in a court of competent jurisdiction, the presumption is that it was executed and probated in accordance with the law of the place. 5 N. S. 648; 6 R. 236; 13 An. 575; 24 An. 385. And such will may be ordered registered and executed in this State on production of a duly authenticated copy of the proceedings in such foreign court. C. C. 1689; 13 L. 221; 24 An. 385.